UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 17-20048

v.                                     Honorable Nancy G. Edmunds

LEE ARTIS JOHNSON (D-1),

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTIONS FOR COMPASSIONATE RELEASE [46] [50]**

Defendant Lee Artis Johnson is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution at Milan. The matter is before the Court on Defendant's pro se motions for compassionate release. (Dkts. 46, 50.) The government opposes Defendant's request. (Dkt. 48.) Defendant has filed a reply. (Dkt. 51.) The Court finds that the facts and legal arguments are adequately presented in the motions and briefs. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motions will be decided without a hearing. For the reasons set forth below, the Court DENIES Defendant's motions for compassionate release.

**I.    Background**

In 2016, Defendant purchased a stolen assault rifle and sold it to another person. On May 16, 2017, Defendant pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) pursuant to a Rule 11 plea agreement, which included an advisory sentencing guideline range of 100 to 120 months. (Dkt. 21.) Probation later calculated the guideline range to be 151 to 188 months due to Defendant's status

1

as an armed career criminal under 18 U.S.C. § 924(e).  On October 3, 2017, the Court imposed a below guideline sentence of 72 months of imprisonment.  (Dkt. 28.)  Defendant did not file a direct appeal.  The Court later denied a pro se motion for post-conviction relief brought pursuant to 28 U.S.C. § 2255.  (Dkt. 44.)  Defendant's projected release date is August 14, 2022.

Defendant included with his motion an email he sent to the Warden at Milan, requesting his release and noting he has anxiety and high blood pressure.  (Dkt. 50, PgID 182.)  That request was later denied.  Defendant now moves this Court for compassionate release based on the health concerns associated with the COVID-19 pandemic.  He states in his motion that it is impossible to social distance at his facility and that he has a heightened risk of severe illness if he does contract the virus due to his high anxiety and history of high blood pressure.  Defendant indicates he is remorseful for the poor choices he has made in the past and wants to be a positive role model for his children.

## II.    Analysis

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i)    extraordinary and compelling reasons warrant such a reduction; . . .

> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute thus requires a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

The government does not contend that Defendant did not satisfy the exhaustion requirement in this case. The government argues, however, that Defendant has failed to establish extraordinary and compelling reasons warranting his release.

The applicable Sentencing Commission policy statement sets forth the following four categories of "extraordinary and compelling reasons" for release: (A) medical condition of the defendant, (B) age of the defendant, (C) family circumstances, and (D) a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" "[a]s determined by the Director of the Bureau of Prisons," also known as the catch-all provision. *See* U.S.S.G. § 1B1.13, commentary n.1. The medical condition category includes cases where "[t]he defendant is—(I) suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, commentary n.1(A)(ii).

The government notes that Defendant is only 43 years old and there is not much evidence that Defendant has high anxiety or high blood pressure in the record. In his reply, Defendant concedes that he does not actually suffer from these medical conditions but states that they run in his family. And even if Defendant did have these conditions, it is unclear whether they place him at a higher risk for severe illness from the virus. *See* Coronavirus, World Health Organization, https://www.who.int/health-

topics/coronavirus#tab=tab_1 (stating that the populations more likely to suffer severe illness from COVID-19 are"[o]lder people, and those with underlying medical problems like cardiovascular disease, diabetes, chronic respiratory disease, and cancer"); *see also* People with Underlying Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (stating that people with hypertension or high blood pressure "*might* be at an increased risk for severe illness from COVID-19") (emphasis added). While Defendant's generalized concerns regarding the COVID-19 pandemic are valid, his risk of contracting the virus is the same as any other inmate in federal custody. Thus, Defendant has not met his burden of establishing extraordinary and compelling reasons warranting a sentence reduction. And even if Defendant could meet this burden, the Court would not grant him compassionate release.

Section 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Also, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. *See* § 3582(c)(1)(A). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a).

Here, Defendant had multiple prior convictions for possessing and selling drugs, leading to his classification as an armed career criminal. The government also notes that Defendant failed to abide by court-ordered terms of supervision in the past. And

4

while Defendant states that he has not had any incident reports during the last twelve months in prison, his disciplinary record is not before the Court.  Defendant's remorse, while commendable, is not sufficient to tip the balance in favor of release.  The Court imposed a sentence well below the guideline range in this case and Defendant has not yet neared completion of that sentence.  Thus, the Court finds that Defendant has not demonstrated he is entitled to the relief he seeks.

### III. Conclusion

Based upon the foregoing, Defendant's motions for compassionate release are DENIED.

SO ORDERED.

                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated: August 5, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 5, 2020, by electronic and/or ordinary mail.

                              s/Lisa Bartlett
                              Case Manager